UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BESSIE Y. ALEXANDER,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendant.

Case No. 2:21-cv-12690
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO: APPEAR, SHOW CAUSE, AND PROSECUTE

**I.  RECOMMENDATION**: The Court should dismiss without prejudice Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to appear, failure to show cause, and failure to prosecute.  Further, should Plaintiff wish to re-file her case, the Court should require that she first pay Defendant's attorney fees related to her two failures to appear, in the amount of $1,125.

**II.  REPORT:**

    **A.  Background**

This case was removed here from the Oakland County Circuit Court.  As stated in my January 24, 2022 amended order to show cause (ECF No. 15), the

instant matter was referred to me for all pretrial matters on December 28, 2021 (ECF No. 9), and on January 3, 2022, I issued a notice to appear in person before me for a scheduling conference on January 20, 2022, which required the parties to submit a discovery plan one week prior, pursuant to Fed. R. Civ. P. 26(f). (ECF No. 10.) Experian Information Solutions, Inc. (herein Defendant), the only remaining defendant, filed its "Statement to the Court in Lieu of a Discovery Plan" on January 13, 2022, indicating that its counsel attempted to reach Plaintiff numerous times to no avail by telephone, email, and mail, and requesting dismissal if Plaintiff failed to appear at the scheduling conference. (ECF No. 11, PageID.64-65, ¶¶ 9-11, 13.)

Plaintiff left a message on my case manager's voicemail the day before the scheduling conference. When they were able to make phone contact the next morning, Plaintiff expressed her opinion that the scheduling conference should be adjourned because she intended to file an amended complaint. My case manager explained that would not affect the timing of the scheduling conference, and that she was expected to be there. Plaintiff later pivoted her explanation for why the scheduling conference should be adjourned by stating that she could and would not attend because she was working in Lansing that day. This explanation was communicated to our chambers for the first time 40 minutes before the scheduling

conference was to begin (when opposing counsel was already on her way), *ex parte*, and without a formal motion.

A record of the above was made in open court over fifteen minutes after the scheduling conference was set to begin, when Plaintiff failed to appear. In my subsequent amended order to show cause, I stated:

> In light of Plaintiff's purported failure to respond to defense counsel's communications, failure to participate in the submission of a Discovery Plan, as previously ordered, and failure to appear for the scheduling conference, Plaintiff is hereby **ORDERED TO APPEAR IN MY COURT ROOM IN PERSON** on **March 9, 2022 at 11 a.m.** to show cause why this case should not be dismissed for failure to comply with court orders and/or failure to prosecute this case. At that time, the Court will also hold the scheduling conference that should by now have been completed. If Plaintiff does not appear at the show cause hearing, she is warned that it will subject her case to dismissal, and I will issue a Report and Recommendation to that effect.

(ECF No. 15, PageID.80 (emphases in original).) Neither the notice of the original scheduling conference, nor the Order to Show Cause was returned as undeliverable, each having provided several weeks' notice that Plaintiff was required to appear in Court.

However, Plaintiff yet again failed to appear before me on March 9, 2022, at the rescheduled scheduling conference and show cause hearing. After waiting twenty minutes beyond the scheduled time of 11 a.m., my case manager attempted to call Plaintiff on the record at the telephone number listed on the docket, to no

3

avail. Indeed, we received a message that "the call cannot be completed."[1] In any case, E.D. Mich. Local Rule 11.2 provides that:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Defendant's counsel did appear in person for the hearing, and renewed Defendant's request that Plaintiff's case be dismissed. Counsel explained that she had received another phone number for Plaintiff (not of record) from the former co-defendant's attorney, which also resulted in no contact being made, and further explained, consistent with her prior experience noted in my show cause order, that Plaintiff will not return any form of communication Experian's counsel has attempted, including regular mail.

**B. Standard**

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for

---

[1] This is consistent with staff notes from January 11, 2022.

failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629-32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (quotations and citation omitted; alteration in original).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

### C. Discussion

The record clearly demonstrates the existence of all four factors here. Despite more than adequate notice of each event, including by specific order of the Court, Plaintiff failed to appear for her original scheduling conference, as well as the rescheduled conference and show cause hearing, to the detriment of

5

Defendant's counsel, who attended both. And she provided no adequate excuse or explanation for her failure to do so. Further, I explicitly warned Plaintiff in my amended show cause order that if she failed to appear, her case may be subject to dismissal. (ECF No. 15, PageID.80.)

Accordingly, I conclude that no alternative sanction beyond dismissal would help the Court to effectively manage its docket and avoid unnecessary burdens on the Court and opposing parties, and **RECOMMEND** that the Court **DISMISS** Plaintiff's action without prejudice under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2. I further recommend that any re-filing or re-instatement of the case be conditioned upon Plaintiff paying Defendant's attorney fees related to her twice failing to appear, (including failing to show cause at the latter event), in the amount of $1,125. This accounts for Defendant's counsel's 3 hours and 45 minutes of travel and court time for her appearances, at defense counsel's hourly rate of $300/hour, which the Court deems reasonable.

### III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 11, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE